**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Advocates for Individuals with Disabilities Foundation Inc., <br><br> Plaintiff, <br><br> v. <br><br> Russell Enterprises Inc., <br><br> Defendant. | No. CV-16-02380-PHX-JAT <br><br> **ORDER** |

Pending before the Court are: (1) Defendant Russell Enterprises, Inc.'s Motion to Dismiss (Defendant's "Motion"), (Doc. 5); (2) Plaintiff Advocates for Individuals with Disabilities Foundation, Inc.'s Response to Defendant's Motion, (Doc. 10); and (3) Defendant's Reply in Support of its Motion, (Doc. 11). The parties did not request oral argument. The Court now rules on Defendant's Motion.

**I.    BACKGROUND**

Plaintiff is a non-profit charitable foundation which has "past, present[,] and future relationships or associations with individuals with disabilities." (Doc. 1-1 at ¶¶ 49–51). This case is one of many filed by attorneys Peter Strojnik and Fabian Zazueta that alleges violations of the Americans with Disabilities Act ("ADA") and similar state statutes.[1]

---

[1] Since March 2016, 167 of Mr. Strojnik and/or Mr. Zazueta's cases have been filed in or removed to this Court, either on behalf of Plaintiff or one of its related entities, Advocates for Individuals with Disabilities, LLC or Advocates for American Disabled Individuals, LLC. Defendant claims that "Plaintiff's counsel has filed over 900 nearly identical lawsuits in Maricopa County Superior Court" on behalf of Plaintiff or Plaintiff's related entities. (Doc. 5 at 2); *see also Advocates for Individuals with Disabilities Found. Inc. v. Golden Rule Props. LLC*, No. CV-16-02413-PHX-GMS, 2016 WL 5939468, at *5

"These cases all appear to assert identical allegations—that the defendant business (the nature of which usually is not identified in the complaint) has violated the ADA by having inadequate signage or parking spaces for disabled persons." *Advocates for Individuals with Disabilities LLC v. WSA Props. LLC*, No. CV-16-02375-PHX-DGC, 2016 WL 5436810, at *1 (D. Ariz. Sept. 29, 2016). In this case, Plaintiff alleges that Defendant has failed "to design, construct, and/or own or operate public accommodations that are fully accessible to, and independently usable by, disabled people." (Doc. 1-1 at ¶ 51). Plaintiff brings its claims against Defendant under the ADA and the ADA's counterpart under Arizona law, Ariz. Rev. Stat. § 41-1492. (*Id.* at ¶¶ 79–92).

After Defendant removed this case to federal court, Defendant filed its Motion, arguing first that the Court lacks subject matter jurisdiction. (Doc. 5 at 3–12). Defendant alternatively argues that the Court should dismiss Plaintiff's complaint because it fails to state a claim. (*Id.* at 12–13). Plaintiff admits that it lacks Article III standing to sue in federal court but argues that the Court should remand this case to Arizona state court. (Doc. 10 at 1–3). Defendant rejoins that the Court should dismiss this case without remand because any such remand would be futile. (*See* Doc. 11).

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(1), a litigant may seek dismissal of an action for lack of standing because "Article III standing is a species of subject matter jurisdiction." *Carijano v. Occidental Petroleum Corp.*, 643 F.3d 1216, 1227 (9th Cir. 2011) (citation omitted). To survive a defendant's motion to dismiss, the plaintiff has the burden of proving jurisdiction. *Tosco v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2000).

Following removal of an action from state court to federal court, the federal court "shall" remand the case back to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."

---

(D. Ariz. Oct. 13, 2016) ("AID and its counsel have filed more than 1,000 lawsuits in the past year asserting identical state and federal claims in state court.").

28 U.S.C. § 1447(c) (2012). Although § 1447(c) uses the word "shall," the Ninth Circuit Court of Appeals has allowed dismissal, rather than remand, if a state court would inevitably dismiss the case as well, rendering a remand futile. *See, e.g.*, *Deutsch v. Turner Corp.*, 324 F.3d 692, 718–19 & n.22 (9th Cir. 2003) (declining to remand case involving uncertain federal jurisdiction because a state court would inevitably dismiss on statute of limitations grounds); *Bell v. City of Kellogg*, 922 F.2d 1418, 1424–25 (9th Cir. 1991) ("Where the remand to state court would be futile, however, the desire to have state courts resolve state law issues is lacking. We do not believe Congress intended to ignore the interest of efficient use of judicial resources."). However, a court should only apply the futility doctrine "where there is 'absolute certainty that remand would prove futile.'" *Bell*, 922 F.2d at 1425 (quoting *M.A.I.N. v. Comm'r, Me. Dep't of Human Servs.*, 876 F.2d 1051, 1054 (1st Cir. 1989)).

### III.   ANALYSIS

Plaintiff argues "there is [a] strong likelihood that Plaintiff's claims will survive any challenge based on subject matter jurisdiction when heard by Arizona state courts." (Doc. 10 at 3). Defendant responds that, although Arizona courts apply a different legal standard for standing than federal courts, Plaintiff still cannot prove standing under the Arizona standard. (Doc. 11 at 3).

Unlike the United States Constitution, the Arizona Constitution does not require a party to assert an actual "case or controversy" in order to establish standing. *Karbal v. Ariz. Dep't of Revenue*, 158 P.3d 243, 245 (Ariz. Ct. App. 2007). However, as a matter of "sound judicial policy," the Arizona Supreme Court requires plaintiffs seeking redress in Arizona to demonstrate their standing to sue. *Bennett v. Napolitano*, 81 P.3d 311, 316 (Ariz. 2003). Standing in Arizona generally requires "an injury in fact, economic or otherwise, caused by the complained-of conduct, and resulting in a distinct and palpable injury giving the plaintiff a personal stake in the controversy's outcome." *Strawberry Water Co. v. Paulsen*, 207 P.3d 654, 659 (Ariz. Ct. App. 2008). Specifically, the injury must be "particularized" to the plaintiff itself. *Bennett v. Brownlow*, 119 P.3d 460, 463

1 (Ariz. 2005) ("To establish standing, we require that [the plaintiffs] show a particularized
2 injury to themselves.").

3 However, because standing raises only prudential—not constitutional—concerns,
4 Arizona courts have waived the standing requirement "on rare occasions." *Brownlow*,
5 119 P.3d at 462–63 (citing *Rios v. Symington*, 833 P.2d 20, 22 n.2 (Ariz. 1992)). The
6 Arizona Supreme Court has elaborated that "as a matter of discretion, we can waive the
7 requirement of standing . . . only in exceptional circumstances, generally in cases
8 involving issues of great public importance that are likely to recur." *Sears v. Hull*,
9 961 P.2d 1013, 1019 (Ariz. 1998); *see, e.g.*, *Rios*, 833 P.2d at 22 (accepting jurisdiction
10 notwithstanding "potential standing issues" in an action brought by the state senate
11 president against the governor); *Goodyear Farms v. City of Avondale*,
12 714 P.2d 386, 387 n.1 (Ariz. 1986) (waiving standing requirement because the case
13 involved a claim that the state statute governing procedures for municipal annexation
14 violated the equal protection clauses of the federal and state constitutions); *State v. B Bar
15 Enters.*, 649 P.2d 978, 980 n.2 (Ariz. 1982) (reaching the merits of a claim despite
16 appellants' lack of standing because the claim required the court to determine the
17 constitutionality of a statute that had not yet been interpreted); *Montgomery v. Mathis*,
18 290 P.3d 1226, 1234 n.7 (Ariz. Ct. App. 2012) (waiving the standing requirement in a
19 case regarding whether the Arizona Independent Redistricting Commission was required
20 to follow Arizona's Open Meeting Law). Besides limiting use of the waiver to "issues
21 of great public importance," the Arizona Supreme Court has not provided objective
22 guidance as to whether a case presents one of the "rare occasions" for a court to waive
23 the standing requirement. *Sears*, 961 P.2d at 1019.

24 Here, Plaintiff does not affirmatively argue that it has standing under Arizona law.
25 Rather, Plaintiff argues that the Court cannot determine with "absolute certainty" that a
26 state court would dismiss this case because Plaintiff lacks standing under Arizona law.
27 (Doc. 10 at 3). The Court agrees. Although Defendant has demonstrated that Plaintiff
28 cannot meet the particularized injury requirement under Article III, (*see* Doc. 11 at 3),

and Arizona courts have applied Article III case law to determine whether a plaintiff alleged a particularized injury, *see, e.g.*, *McComb v. Super. Ct.*, 943 P.2d 878, 882–83 (Ariz. Ct. App. 1997), the Court cannot state with "absolute certainty" that a state court would not waive the standing requirement in this case. Further, Defendant does not present any argument convincing the Court that a state court would *not* waive Arizona's standing requirement in this case. *See Conrad Assocs. v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("In a motion to remand to state court, the party asserting federal jurisdiction has the burden of proof."). Therefore, remand of Plaintiff's state claims to the Arizona state court is the appropriate action in this case.

However, in remanding this case, the Court will dismiss Plaintiff's federal claims without prejudice. Plaintiff argues that the Court should remand both the state and federal claims because "[s]tate [c]ourts have concurrent jurisdiction to hear the claims." (Doc. 10 at 3). While the Court does not dispute the state court's concurrent jurisdiction, Plaintiff is actually arguing that a state's more-lenient standing requirements can divest a federal court of its 28 U.S.C. § 1331 federal question jurisdiction, which Defendant invoked by removing this case to federal court. Plaintiff does not address, and the Court finds no authority, that such divestment is possible. *See, e.g.*, *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 339, 354 (2006) (ordering the district court to dismiss—not remand to state court—an action originally filed in state court because the plaintiffs lacked Article III standing and despite plaintiffs filing motions to remand the case to state court); *Lone Star Coll. Sys. v. Immigration Reform Coal. of Tex.*, 418 S.W.3d 263, 280 (Tex. App. 2013) (Christopher, J., concurring) ("[I]f [the plaintiff] had sued [the defendant] in federal court for violating federal law, it would have had no Article III standing—whether based on state or municipal taxpayer status—to do so. Why then should [the plaintiff] have standing to bring the same claim in state court?"); Paul J. Katz, *Standing in Good Stead: State Courts, Federal Standing Doctrine, and Reverse-Erie Analysis*, 99 Nw. U. L. Rev. 1315, 1352 (2005) ("Federal courts have constitutional jurisdiction of cases 'arising under' the laws of the United States. Article III jurisdiction is only a ceiling for federal

subject matter jurisdiction, but Congress in 1866 copied this 'arising under' language in 28 U.S.C. § 1331 to grant federal courts general subject matter jurisdiction . . . . [I]t seems unreasonable that the Constitution would allow Congress to use state courts to enforce statutory directives where federal courts cannot."); *see also generally* William A. Fletcher, *The "Case or Controversy" Requirement in State Court Adjudication of Federal Questions*, 78 Calif. L. Rev. 263 (1990).

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** the Court **GRANTS** Defendant's Motion to Dismiss for lack of subject matter jurisdiction as to Plaintiff's federal claim (Count I of Plaintiff's Complaint, Doc. 1-1 at ¶¶ 79–85) without prejudice, (Part of Doc. 5); there being no just reason for delay, the Clerk of the Court shall enter judgment of dismissal without prejudice on Count I.

**IT IS FURTHER ORDERED** the Clerk of the Court shall remand Plaintiff's state claim (Count II of Plaintiff's Complaint, Doc. 1-1 at ¶¶ 86–92) to the Maricopa County Superior Court.

**IT IS FURTHER ORDERED** the Court **DENIES** Defendant's Motion to Dismiss for failure to state a claim as moot. (Part of Doc. 5).

Dated this 9th day of December 2016.

James A. Teilborg
Senior United States District Judge